UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:20-cv-0773 TLN DB P<br><br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, this court finds plaintiff states no cognizable claims for relief. Plaintiff will be given another opportunity to amend his complaint.

**BACKGROUND**

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP"). He complains of conduct that occurred there in February and March 2020. On screening plaintiff's original complaint, this court found plaintiff failed to state any cognizable claims for relief. (ECF No. 6.) Plaintiff was given the opportunity to file an amended complaint.

On June 30, 2020, plaintiff filed a first amended complaint. Before the court had an opportunity to screen that complaint, plaintiff filed a request to file a SAC and an SAC. (ECF Nos. 12, 13.) Plaintiff's request is granted, and the court now considers the SAC.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Second Amended Complaint**

Plaintiff identifies three defendants:  Correctional Officers Marroquina, Brewer, and Moua. In addition, he alleges conduct by "Jane Roe 1," a litigation coordinator at MCSP.

Plaintiff alleges that between February 1 and March 5, 2020, defendants Marroquina, Brewer, and Moua searched plaintiff's cell twelve times and took plaintiff's personal property to harass plaintiff and to retaliate against plaintiff for filing grievances against them.  Plaintiff further alleges these three defendants refused to provide plaintiff with more than the standard one roll of toilet paper per week, despite his continual requests.

Plaintiff claims that on March 5, 2020, defendant Jane Roe confiscated from inmate Torres, plaintiff's cellmate, a CD-Rom belonging to plaintiff.  Plaintiff states that the CD-Rom held legal documents.  Plaintiff filed a grievance about Roe's refusal to return the CD-Rom.  Roe directed defendants Marroquina, Brewer, and Moua to retaliate against plaintiff by searching his cell and destroying his property on March 5, 2020.

**II. Does Plaintiff State Claims Cognizable Under § 1983?**

Plaintiff identifies his claims as unreasonable search and seizure, destruction of property, inhumane living conditions, and retaliation.  For various reasons, the facts alleged by plaintiff fail to state any claims cognizable under § 1983.

First, plaintiff's Fourth Amendment claim of unreasonable search and seizure fails as a matter of law. Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Pell v. Procunier, 417 U.S. 817, 822 (1974). An inmate's Fourth Amendment rights are among the rights subject to curtailment. In particular, the Fourth Amendment does not protect an inmate from the seizure and destruction of his property. Hudson, 468 U.S. at 528 n. 8. It is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. See id. at 527-28; Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir. 1985).

Second, to the extent plaintiff is attempting to raise a claim regarding a loss of property, an unauthorized taking of property does not state a Constitutional claim. Hudson, 468 U.S. at 533 n. 14. Rather, plaintiff has a remedy under state law for the loss of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). As plaintiff was informed previously, he may not allege a state law claim here until he demonstrates that he has satisfied California's Government Claims Act requirements. (See May 8, 2020 Order (ECF No. 6) at 4-5.) He has not done so.

Third, if the loss of the CD-Rom interfered with plaintiff's access to the courts, he may have a First Amendment claim. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To show that he suffered an interference that rose to the level of a Constitutional violation, he must state facts showing that he suffered an "actual injury" as a result of the defendants' alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis, 518 U.S. at 351–55. Actual injury may be shown if the alleged shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts." Id. at 351.

Fourth, plaintiff does not state a claim for inhumane living conditions. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by

3

failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety or health, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). A lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See Johnson v. Lewis, 217 F.3d 726, 732-33 (9th Cir. 2000) (prisoners' allegations that they did not receive access to toilets for an extended period, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); see also Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment); Knop v. Johnson, 667 F. Supp. 467, 480 (W.D. Mich. 1987) (violation of Eighth Amendment where prison staff does not provide inmates "necessary access to toilet facilities and a washbasin and thus subject them to a substantial risk of having to defecate or urinate in their room without the benefit of a flushable toilet or a washbasin.").

Plaintiff alleges that he received insufficient toilet paper for a month. He does not explain what damage he suffered as a result or how the lack of sufficient toilet paper posed a substantial risk of harm. This court does not find that deprivation so severe or prolonged as to amount to an Eighth Amendment violation.

Fifth, plaintiff's allegations of retaliation are insufficiently clear to state a claim. Plaintiff appears to be making two retaliation claims. In his first claim, he alleges that the correctional officer defendants conducted destructive searches of his cell in retaliation for plaintiff's grievances against them. However, plaintiff does not identify those grievances. Nor does he show a connection between the grievances and the officers' conduct. Plaintiff must allege facts to show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. Cal. Dep't of Corr. and Rehab., 647

4

F.3d 870, 882–83 (9th Cir. 2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014).  In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual.  McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

In his second retaliation claim, plaintiff alleges that on March 5, 2020, defendant Roe confiscated the CD-Rom.  As a result, plaintiff filed a grievance against Roe.  She then directed the correctional officer defendants to destructively search plaintiff's cell, also on March 5, in retaliation for plaintiff filing a grievance.  The court is confused about the timing of the conduct alleged.  Plaintiff appears to be alleging the CD-Rom was confiscated on March 5, he filed a grievance on March 5, defendant Roe was aware that plaintiff filed a grievance that day, and Roe then directed the other defendants to destructively search his cell, also on March 5.  Plaintiff may be able to state a retaliation claim against Roe and the other defendants.  However, again, he must show that his exercise of his First Amendment rights, here by filing a grievance, motivated Roe and the correctional officers.

**III. Conclusion**

This court finds above that plaintiff fails to state any claims cognizable under § 1983.  Plaintiff will be given the opportunity to file a third amended complaint.  Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

In an amended complaint, plaintiff must address the problems with his SAC that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

////

detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The second amended complaint is dismissed with leave to amend.

2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  August 29, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/wind0773.SAC lta