UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM, | No. 2:20-cv-0773 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has moved for the appointment of counsel. Plaintiff states that correctional officers have searched his cell numerous times, amounting to harassment and retaliation. Plaintiff asks that counsel be appointed to "send a clear message to these out-of-control prison guards."

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's most recent complaint, his second amended complaint, was dismissed with leave to amend because plaintiff stated no claims cognizable under § 1983.  (See ECF No. 14.)  Therefore, plaintiff has not shown a likelihood that he will succeed on the merits of this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF Nos. 15 and 16) is denied.

Dated:  October 1, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/wind0773.31

2