UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:20-cv-0773 TLN DB P<br><br><br>ORDER |

    Plaintiff is a state prisoner who was proceeding pro se with a civil rights action. Plaintiff claimed that defendants violated his rights by taking items from his cell. This action was closed on April 14, 2021. (ECF Nos. 21, 22.) Presently before the court are plaintiff's motion for the appointment of counsel. (ECF Nos. 29, 30.)

    By order dated June 14, 2021, the undersigned advised plaintiff that his allegations that he faces danger at the hands of prison gang members could not be pursued in this action. (ECF No. 25.) He was further instructed that should he wish to reopen this action he should file a motion for relief from judgment along with a proposed amended complaint.

    Plaintiff has now filed two motions seeking the appointment of counsel. In his initial motion he argued counsel should be appointed based on the complexity of the case to protect his due process interests. (ECF No. 29.) His second motion alleges that he is being "terrorized, mistreated, electrocuted, gassed ('knock-out' gas thr[ough] airvent to BED-#7@ TC-2), robbed of

1

writing utensil, court paper/envelopes/stamps . . . robbed by guards and psych-techs." (ECF No. 30.) He claims the guards at Salinas Valley State Prison, where he is presently held, take orders from prison gang members. He requests that the court appoint counsel to help him with these issues.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The original and second amended complaints in this action were dismissed with leave to amend for failure to state a claim. (ECF Nos. 6, 14.) Plaintiff failed to file a third amended complaint. Without an operative complaint, the court cannot make an evaluation of plaintiff's likelihood of success on the merits. Therefore, the court will deny the motions to appoint counsel.

Additionally, as plaintiff was advised in the June 14, 2021 order, the allegations contained in his motions cannot be pursued via this closed action. The allegations presented in the instant motions do not relate to the allegations contained in the complaint in this case. Thus, the relief sought cannot be granted because it is unrelated to plaintiff's underlying claims in this action. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 29, 30) are denied.

Dated: July 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/wind0773.31(2)